## Charles Schmitt, Appellee, v. Louis Boedecker, Appellant.

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. WARRANTY—*how question determined.* Whether certain language claimed to have been employed constituted a warranty, is a question of law for the court to determine; whether such language was in fact employed is a question of fact for the jury to decide.

Action commenced before justice of the peace. Appeal from the Circuit Court of Hancock county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed June 4, 1910.

PLANTZ & LAMET, and O'HARRA & O'HARRA, for appellant.

WILLIAM H. HARTZELL and S. L. McCRORY, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellee purchased of appellant twenty-eight hogs. At the time of the sale of the hogs there was a question as to whether or not the hogs were diseased; that they were affected with some trouble is not disputed. Appellant designated them as what is known as sneezers and represented at the time of the sale that it was caused by reason of inflammation in the head due to the recent ringing of the hogs' noses. Appellee questioned at the time the condition of the hogs, and appellee contends that appellant assured him that the ailment was only temporary and that the hogs would be all right within a week, and with this assurance he accepted the hogs, paid part of the purchase price at the time of the purchase and the balance of the payment was made the following Saturday night, before the week's time had expired.

Appellant insists that because the hogs were sneezing at the time of the purchase by appellee, he knew their condition,

examined the hogs and took them without any warranty on the part of appellant. The hogs never recovered from the ailment. Appellee further contends that after the hogs had failed to recover he went to appellant and offered to return them, but appellant refused to receive them and denied all liability in regard thereto.

Appellee had a number of the hogs examined by a veterinary and they were killed by the veterinarian for the purpose of ascertaining the ailment. The head was found to be diseased to such an extent that the veterinary was not able to designate the cause or to effect a cure.

Appellee brought his action to recover the damages which he claimed by reason of the failure of the warranty alleged to have been made by appellant. The trial resulted in a verdict for appellee for the amount paid appellant for the hogs, $76.50, and it is to reverse that judgment that this appeal is prosecuted.

Appellant insists as a cause of reversal of the judgment that the evidence does not disclose a warranty by him, that the court admitted improper evidence as to the measure of damages in the case, and that the jury was not properly instructed by the court. The evidence is conflicting as to whether or not a warranty was made and the question was submitted to the jury by the court as to whether or not the appellee had sustained his allegation of warranty by the proof. Upon this question the jury found against appellant and unless the verdict is not supported by the evidence or the court can say that it is clearly against the manifest weight of the evidence, then the finding of the jury should not be disturbed by this court, provided there had been no error in the admission of evidence or in the instructions of the court that were prejudicial to appellant.

Upon the question of the admission of evidence, it goes solely to the question of the measure of damages. Upon appellee's theory of the case and upon the evidence of appellee the record discloses that appellant told appellee that the hogs were all right and that they would be fully recovered within a week and that if they did not so recover, he would make it

all right with him, and upon this theory the court admitted evidence as to the value of the hogs at the end of one week from the time of the purchase, and also the value of the hogs at the time of the examination by the veterinary surgeon, as the evidence disclosed that they were suffering with the same ailment at the time of the examination by the veterinary as when appellee purchased them. The evidence that is complained of, was that at this time the hogs had no market value and could not have been sold upon the market, and were, in fact, of no value. The contention of appellant upon this question is that the correct measure of damages was the value of the hogs at the time of the sale and not one week later or at the time of the examination by the veterinary surgeon. The evidence discloses that there was no material difference in the hogs at either of these times, but that they had remained in the same condition, and that they were of no market value; and the rule is that if there was no market value and the hogs could not be sold upon the market, then the measure of damages was the actual value, and the evidence of appellee was that they were of no value, and this is not controverted; consequently it is immaterial and was of no prejudice to appellant, that evidence of their value one week after the purchase or a month after, at the time of the examination by the veterinary surgeon, as the damages proven and the rules contended for by appellant are substantially the same and there was no prejudicial error in the action of the court therein.

Appellant complains of the first instruction given on behalf of appellee, the complaint being that the court told the jury that if certain words were used in connection with the sale and the plaintiff relied thereon then the words so used amounted to a warranty, appellant insisting that it was error to direct the jury as a matter of law that the words amounted to a warranty, that the whole question of warranty was solely a question of fact to be determined by the jury from all the evidence; while the question whether a warranty was made by appellant was a question for the jury to determine it was proper for the court to tell the jury that if they believed from

the evidence the words alleged to have been used were so used and that the appellee relied upon the statements so alleged to have been used, in making such purchase, then the words so alleged to have been used, if so used, amounted to a warranty. This instruction properly left the question of the making of alleged statements for the jury to determine from the evidence. The question whether the words amounted to a warranty if used as alleged by appellee was one of law for the court and it was not error to give the instruction.

Appellant also complains of the refusal of the twelfth instruction offered on his behalf. This instruction related to the question of the warranty alleged to have been made by the appellant. The questions involved in this instruction are fully covered by the instructions taken as a whole given on behalf of appellant and it was not error to refuse this instruction.

Appellant also complains of the refusal of instruction No. 11, offered by him; this instruction was based upon the measure of damages and in view of what we have heretofore said with regard to the measure of damages in this case the instruction was clearly bad.

We find no error in this record which would justify a reversal, and the judgment is affirmed.